IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,869-01






EX PARTE MICHAEL DEVELLE HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 16,494-A IN THE 258TH JUDICIAL DISTRICT COURT OF
POLK COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of aggravated robbery, and punishment was assessed by a jury at twenty-five
years' confinement. Applicant's conviction was affirmed on appeal. Henderson v. State No.
09-02-504-CR (Tex. App. --Beaumont, delivered January 28, 2004, pet. ref'd).

 Applicant contends inter alia that he received ineffective assistance of counsel, that
the prosecutor improperly injected new and harmful facts into evidence during closing
arguments at punishment, and that the trial court erred in overruling the defense objections
to the prosecutor's argument. The trial court has not entered findings of fact or conclusions
of law. We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and because
this Court cannot hear evidence, the trial court is the appropriate forum. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from counsel, or it may order a hearing. In
the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel advised and/or compelled Applicant to take the stand during the
punishment phase, and if so, why. The court shall also make findings as to whether counsel
told Applicant that the only way he could receive probation was to plead guilty before the
jury, and that he would indeed get probation if he did so. The trial court shall also make
findings as to whether there was evidence presented during punishment that Applicant held
the complainant down and/or tried to pull her pants down or attempted to sexually assault
her. Furthermore, the court shall make findings as to whether the prosecutor stated during
closing arguments that Applicant had done any of these things, and whether defense counsel
objected. If the prosecutor did make such a statement, and if defense counsel timely
objected, the court shall make findings as to whether the objection was sustained or
overruled, and why. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF DECEMBER, 2005.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.